IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JANE F. EDMONDS, | ) | |
| (2) VICKI L. CAMPBELL, AND | ) | |
| (3) VICKIE C. LEYJA | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-1379-F |
| | ) | |
| (1) AT&T MOBILITY, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**SECOND AMENDED CLASS ACTION COMPLAINT**

1.     Plaintiffs are, Jane F. Edmonds, a resident of Oklahoma County, Oklahoma, Vicki L. Campbell and Vickie C. Leyja ("Plaintiff(s)"), residents of Comanche County, Oklahoma. Plaintiffs are individual consumers who are customers of the AT&T Defendant and specifically have purchased a wireless data plan that permits access to the internet by a radio device.

2.     Defendant AT&T Mobility, LLC is a Limited Liability Company organized under the laws of Delaware. AT&T Mobility, LLC is in good standing in the state of Delaware and is authorized to do business in Oklahoma. Defendant AT&T Mobility maintains its principle place of business in Atlanta, Georgia, at 5565 Glenridge Connector, Glenridge Two, Atlanta, GA 30342, and may be served in Oklahoma by serving its registered agent at The Corporation Company, 735 First National Bldg., 120 N. Robinson, Oklahoma City, OK 73102. On information and belief, Defendant AT&T Mobility, LLC is a wholly owned subsidiary of American Telephone & Telegraph Company. American Telephone & Telegraph Company is a Delaware Corporation that maintains its principle place of business in Dallas, Texas. No member of AT&T Mobility, LLC is a resident of or maintains its principle place of business in the State of Oklahoma. Further, jurisdiction in this Court exists both as a result of diversity of

1

citizenship between the parties and as a result of the Class Action Fairness Act, as is pleaded in paragraph 5 of this Complaint.

3. The Defendant AT&T Mobility, LLC, is referred to as AT&T in this Complaint.

4. Venue is proper in this Court as Plaintiffs are residents of Comanche County and Oklahoma County, Oklahoma.

5. On information and belief, Plaintiffs and the Class have been damaged in an amount that exceeds $5 million in the aggregate. Thus jurisdiction exists in this Court as a result of the provisions of the Class Action Fairness Act, 28 U.S.C. sec. 1332(d) and specifically 28 U.S.C. sec. 1332(d)(2)(A), because "a member of a class of plaintiffs is a citizen of a State different from any defendant," that is, the class is composed of residents of Oklahoma and the Defendant is a citizen of either the states of Delaware, Georgia, or Texas.

## FACTS COMMON TO ALL COUNTS

6. AT&T sells wireless data plans to consumers by contract on a monthly payment plan. The purchase of a wireless data plan permits purchasers of the plan to obtain access to the internet remotely either on a computer or on a so-called smart phone such as an I-Phone, a Blackberry, or a similar device.

7. Where access is by computer only, AT&T charges a monthly fee for the use of a datacard. The datacard permits its user to connect a computer to the internet wirelessly through a radio device embedded in the computer or through a device that connects to the computer through a PCMCIA card or USB port. The data card does not transmit voice or pictures independently of the internet.

8. Where AT&T's wireless data plans are sold to owners of smart phones, AT&T bills for internet access with a separate line item on the AT&T monthly bill. Generally speaking,

the plans cost consumers $30 per month. Plaintiffs have such a plan and pay charges totaling approximately $30 per month to AT&T.

9. For certain kinds of access, AT&T charges owners of smart phones $45 per month for internet access. This plan permits users to access dedicated email servers through the internet.

10. Title 68 of the Oklahoma Code, § 1354(A), imposes a sales tax on "telecommunications service":

> There is hereby levied upon all sales, not otherwise exempted in the Oklahoma Sales Tax Code, an excise tax of four and one-half percent (4.5%) of the gross receipts or gross proceeds of each sale of the following: . . . 4. Intrastate, interstate and international telecommunications services sourced to this state in accordance with Section 1354.30 of this title and ancillary services.

11. Title 68 of the Oklahoma Code, § 1354(A)(4)(a)(6) excludes charges for internet access from sales tax:

> "Telecommunications services" do not include: . . . (6) Internet access services.

12. AT&T states the charges for internet access as a separate charge on its bills to customers.

13. The Internet Tax Freedom Act, 47 U.S.C. § 151 (1998) as amended, bars state and local government from imposing taxes on internet access. "No State or political subdivision thereof shall impose any of the following taxes during the period beginning November 1, 2003, and ending November 1, 2014: … (1) Taxes on Internet access."

14. Under the Internet Tax Freedom Act, the phrase "internet access" means: "a service that enables users to connect to the Internet to access content, information, or other services offered over the Internet; (B) includes the purchase, use or sale of telecommunications by a provider of a service described in subparagraph (A) to the extent such telecommunications

3

are purchased, used or sold -- (i) to provide such service; or (ii) to otherwise enable users to access content, information or other services offered over the Internet[.]"

15. Despite the prohibition on taxation of internet access under Oklahoma and federal law, AT&T improperly and illegally charges its Oklahoma customers state and local sales tax on internet access on its monthly bills.

## CLASS ACTION ALLEGATIONS

16. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all Oklahoma consumers who entered into a contract with AT&T for the provision of internet access through a smart phone or a wireless data card.

17. The Class consists of all Oklahoma consumers who contracted with AT&T to provide internet access through an AT&T system smart phone or an AT&T datacard who were charged tax on internet access.

18. Plaintiffs are members of the class which they seek to represent.

19. The Class consists of thousands of individuals and therefore is so numerous that joinder is impracticable.

20. Plaintiffs' claims are typical of the claims of the Class because he/she and all members of the Class have sustained damages as a result of AT&T's charging of sales tax for internet access.

21. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including but not limited to the following:

  a. whether AT&T charged the Plaintiffs and the Class sales tax on internet access in violation of the Oklahoma sales tax law;

b. whether AT&T's improper charging of sales tax constituted a breach of the covenant of good faith and fair dealing to the Plaintiffs and the Class under Oklahoma law;

c. whether AT&T's improper charging of sales tax violated the Oklahoma Consumer Protection Act, 15 O.S. § 751 *et. seq.*;

d. whether AT&T has been unjustly enriched by its retention of a portion of the sales tax as permitted by Oklahoma law;

e. whether AT&T should be enjoined from collecting sales tax on internet access.

f. whether AT&T should be required to seek a refund of sales taxes paid to the Oklahoma tax authorities and to return any tax refund to Plaintiffs and members of the Class.

22. All common questions are able to be resolved through the same factual occurrences as specifically and/or generally alleged herein.

23. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have no claims antagonistic to those of the Class. Plaintiffs have retained competent and experienced counsel in complex class actions, mass tort and products liability litigation. Counsel is committed to the vigorous prosecution of this action.

24. The prosecution of separate actions by the Plaintiffs and individual members of the Class against the AT&T Defendant would create a risk of inconsistent or varying adjudications on the common issues of law and fact related to this action.

25. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

26. The expense and burden of litigation would substantially impair the ability of the

Class members to pursue individual cases to protect their rights. In the absence of a class action, AT&T will retain the benefits of its wrongdoing and will continue to collect sales tax improperly.

27.     Class certification under Rule 23(b)(1) is appropriate because adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications.

28.     Class certification under Rule 23(b)(2) is appropriate because AT&T has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole in that AT&T has refused to cease collecting sales tax for internet access.

29.     Class certification under Rule 23(b)(3) is appropriate because the common issues of fact and law alleged herein are common to the Class and predominate over any questions affecting only individual members, thereby rendering the class action superior to all other available methods for the fair and efficient adjudication of this controversy.

30.     Class certification is also appropriate pursuant to (state) law because, as set forth in the Complaint, the AT&T Defendant has acted and/or refused to act on grounds generally applicable to Plaintiffs and the Class, thereby warranting appropriate injunctive and/or declaratory relief.

## COUNT I

## BREACH OF CONTRACT

31.     Plaintiffs hereby incorporate and adopt by reference each and every allegation set forth in Paragraphs 1 through 30 of the Amended Complaint.

32.     AT&T and Plaintiffs entered into written contracts.

33. The written contract is a form contract used by AT&T with all its customers similarly situated to Plaintiffs.

34. The contract between AT&T and Plaintiffs permit AT&T to charge for its services including internet access on a monthly basis and permits AT&T to charge Plaintiffs for all applicable and legally due federal, state and local taxes.

35. The contract does not permit AT&T to charge for taxes that are not due under law, including taxes for access to the internet.

36. Despite the prohibition on state and local taxes imposed by the Internet Tax Freedom Act, AT&T charged Plaintiffs sales tax for internet access.

37. In so doing, AT&T breached its contract with Plaintiffs and the Class.

38. As a result of the breach of contract, Plaintiffs and the Class were damaged in the amount of sales tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly charged Plaintiffs and the Class.

39. The statute of limitations for breach of a written contract under Oklahoma law is five (5) years.  12 O.S. § 95(A)(1).

## COUNT II

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

40. Plaintiffs hereby incorporate and adopt by reference each and every allegation set forth in Paragraphs 1 through 39 of the Amended Complaint.

41. AT&T's breaches of the form Contracts with the Plaintiffs and the Class, as alleged above, also constitute a breach of AT&T covenant of good faith and fair dealing to the Plaintiffs and the Class, which is imputed into every Contract in Oklahoma under the common law of Oklahoma and the Restatement (Second) of Contracts §205.

42. AT&T breached its duty of good faith and fair dealing to the Plaintiffs and the Class by unfairly charging the Plaintiffs and the Class state and local sales tax for internet access.

43. The abovementioned breaches of contract and covenant of good faith and fair dealing have caused the Plaintiffs and the Class economic damages.

## COUNT III

## VIOLATION OF THE OKLAHOMA CONSUMER PROTECTION ACT

44. Plaintiffs hereby incorporate and adopt by reference each and every allegation set forth in Paragraphs 1 through 43 of the Amended Complaint.

45. The Oklahoma Consumer Protection Act was enacted to prohibit, and protect persons from, deceptive, fraudulent and unfair conduct.

46. A sale of services enabling Internet access constitutes "merchandise" within the meaning of the Oklahoma Consumer Protection Act.

47. In failing to inform Plaintiffs and the Class that it intended to charge them taxes that were not due and in collecting taxes that were not due, AT&T employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and omitted, concealed and suppressed material information and failed to inform Plaintiffs and the Class of a material fact in connection with the sale of merchandise in violation of the Oklahoma Consumer Protection Act, 15 O.S. § 751 *et. seq*.

48. The aforementioned violations of the Oklahoma Consumer Protection Act have caused Plaintiffs and the Class substantial and ascertainable loss of money and/or property and other damages.

49. Plaintiffs have been forced to hire attorneys to enforce their rights under the Oklahoma Consumer Protection Act.

## COUNT IV

## UNJUST ENRICHMENT UNDER STATE LAW

50. Plaintiffs hereby incorporate and adopt by reference each and every allegation set forth in Paragraphs 1 through 49 of the Amended Complaint.

51. Under Oklahoma law, AT&T may retain for itself a percentage of the state sales tax it collects.

52. On information and belief, AT&T retains the permitted amount of the state sales tax it collects.

53. AT&T collects this amount to the detriment of Plaintiffs and members of the Class.

54. AT&T thus retains funds that in good conscience and equity it should not be entitled to retain.

55. As a result AT&T is unjustly enriched at the expense of Plaintiffs and the Class.

56. Accordingly, Plaintiffs and the Class seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

## COUNT V

## INJUNCTIVE RELIEF

57. Plaintiffs hereby incorporate and adopt by reference each and every allegation set forth in Paragraphs 1 through 56 of the Amended Complaint.

58. AT&T's continued charging of Plaintiffs and the Class state and local sales tax on the sale of internet access results in a continuing harm to Plaintiffs and the Class in that Plaintiffs and the Class must pay additional sums of money on a monthly basis that AT&T has no legal right to collect from them.

59. Unless enjoined from doing so, AT&T will continue to collect from Plaintiffs and the Class state and local sales tax on the sale of internet access.

60.     Plaintiffs and the Class have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of internet access but cannot address AT&T's ongoing collection of such taxes in violation of the law.

61.     Plaintiffs and the Class have no adequate remedy at law to stop the collection of such taxes.

Plaintiffs and the Class seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access absent this Court's order enjoining AT&T from the collection of such taxes.

**WHEREFORE**, Plaintiffs on behalf of themselves and the Class seek the following relief:

A.  Damages in the amount of state and local sales tax improperly charged by AT&T on sales of internet access for breach of contract and/or for breach of the covenant of good faith and fair dealing implied in said contract.

B.  Damages for Plaintiffs and the Class in the amount of state and local sales tax improperly charged by AT&T on sales of internet access in violation of the Oklahoma Consumer Protection Act.

C.  Disgorgement of all funds collected by AT&T as state and local sales tax on sales of internet access not remitted to the state of Oklahoma or any local taxing authority and return of such funds to the Plaintiffs and members of the Class.

D.  An order of this Court enjoining the collection by AT&T of state and local sales tax on sales of internet access.

E.  Attorneys fees as permitted by either the common law or equity.

F.  Prejudgment interest in the statutory amount.

G.  All costs of this action recovery for which is permitted by law.

H.  Such other and further relief as the Court deems proper.

Respectfully submitted,

s/Henry A. Meyer, III
Henry A. Meyer, III, OBA No. 6163
Wayne Allison, OBA # 21933
Meyer & Leonard, PLLC
116 E. Sheridan, Suite 207
Oklahoma City, OK 73104
Phone: (405) 702-9900
Fax:    (405) 605-8381
Email: hameyer@mac.com
Email: wallison@meyerleonard.com

and

Harry Huge (pro hac vice)
The Huge Law Firm LLC
Suite 3016
1080 Wisconsin Ave, N.W.
Washington, D.C. 20007
Telephone: (202) 965-4672
Email: harryhuge@comcast.net

and

Edward D. Robertson, Jr. (pro hac vice)
Bartimus, Frickleton, Robertson & Gorny, P.C.
715 Swifts Highway
Jefferson City, Mo. 65109
Telephone: (573) 659-4454
Fax: 573-659-4460
Email: chiprob@earthlink.net

and

John P. Zelbst, OBA # 9991
Zelbst Holmes & Butler
411 Southwest 6th Street
P.O. Box 365
Lawton, Oklahoma  73502-0365
Fax: (580) 248-6916
Telephone: (580) 248-4844
Email: zelbst@zelbst.com

ATTORNEYS FOR PLAINTIFFS